IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

BRIAN TAYLOR and ULTRA LIGHT
SPORT AVIATION, LLC
   Plaintiffs

v.                                                                                                      File No.

FRANCIS ERIC BOYD GILES, aka ERIC
BOYD, aka ERIC GILES, WORLD
AIRCRAFT COMPANY, WORLD
AIRCRAFT, INC., WORLD AIRCRAFT
CORPORATION, SKYKITS
CORPORATION AND TG AIRTECH LLC,
   Defendants.

NICHOLAS R. HOGUE P81291
DUNCAN & ASSOCIATES, PLLC
ATTORNEYS FOR Plaintiffs
107 PENNSYLVANIA AVE
DOWAGIAC, MICHIGAN 49047
269-782-9895

COMPLAINT FOR BREACH OF CONTRACT
FOR DEFAULT ON PROMISSORY NOTES, FOR
FRAUD AND VIOLATIONS OF THE
MICHIGAN CONSUMER PROTECTION ACT

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION RECEIVED FROM
DEFENDANTS WILL BE USED FOR THAT PURPOSE

Plaintiffs, for their cause of action against defendants and each of them, say:

GENERAL

1. There is no other action or resolved civil action arising out of the same transaction or occurrence alleged in the Complaint.  Except for an action filed in 43rd Circuit Court of Cass County with file number 2022-000641-CK before the Honorable Carol Bealor which was dismissed by all the parties due to the fact that the jurisdictional and venue lies with the federal court.
2. Plaintiff Brian Taylor is a resident of Cass County, State of Michigan.

3. Defendant Franics Eric Boyd Giles is believed to a resident of the Province of British Columbia, Canada.

4. World Aircraft Company, World Aircraft Corporation, World Aircraft, Inc., Skykits Corporation and TG Air Tech LLC, separately and together are shell entities created by Francis Eric Boyd Giles, and have no assets, no current principal offices, and no business location.

5. Defendant Francis Eric Boyd Giles, the sole and only operative of the above mentioned entities, used the entities to shield himself and his financial activates for his own personal benefits.

6. Defendant, Francis Eric Boyd Giles was ,at all times pertinent, the only known agent, representative, principal, or active participant in the claimed business of the other named defendants.

7. Defendant Francis Eric Boyd Giles is the owner of tangible personal property which is presently situated in Cass County, State of Michigan, consisting in an excavator, dump trailer, commercial lawn mower, commercial rototiller, and all terrain vehicles, as more fully described in Exhibit A, and having a value in excess of $50,000. Defendant Janice Scoffield has or may have an interest in the property of the corporate defendants which is now in the possession of Plaintiffs in Cass County, Michigan, and is named herein to answer as to the same.

8. Defendant Francis Eric Boyd Giles purported to engage in the business of assembling and marketing light aircraft in Paris, Henry County, Tennessee.

9. Plaintiff Brian Taylor forwarded funds from Cass County, Michigan, to Giles in Paris, Tennessee, as more fully described below.

COUNT 1
BREACH OF CONTRACT

For a cause of action against Defendants and each of them, Plaintiff states:

10. On or about March 22, 2016, Plaintiff Brian Taylor agreed to purchase and defendants agreed to sell a light sport Vision aircraft for the purchase price of $104,410.00, of which Plaintiff Brain Taylor paid $99,410.00 as of March 25, 2016. A true copy of the purchase agreement, order form and payment schedule is attached via Exhibit B, and incorporated by reference.

11. Delivery of the aircraft was to be in a reasonable time and time was of the essence.

12. Thereafter, defendant to assemble the aircraft purchased by Plaintiff, failed to complete assembly of the aircraft, failed to deliver the aircraft in a timely manner, and failed to returned the monies paid by Plaintiff.

13. Defendants continually communicated with Plaintiff, claiming delays in parts shipments, and production delays, causing delivery to be continually postponed.

14. At no time did Defendant Giles or any of his entities have the ability or wherewithal to complete Plaintiff's aircraft, as Giles' creditors were already in process of collection actions and asset seizures.

15. Defendant Giles and each of his entities have breached the purchase agreement by failing to assemble, produce or deliver the aircraft paid for by Plaintiff and Plaintiff has been damaged in the sum of $99,410.

Wherefore, Plaintiff, Brian Taylor, prays for judgment against all defendants in each of them in the sum of $99,410, together with a cost of this action, and all Justin proper relief in the premises

## Count II
## MICHIGAN CONSUMER PROTECTION ACT

For a further cause of action against defendant and each of them, Plaintiffs state

16. Plaintiffs hear allege the statements set forth and paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. Defendants and each of them engaged and deceptive practices, in violation of the Michigan, consumer protection act, as follows:
    a. The aircraft could not be completed on time, when, in fact, defendants were unable to complete any aircraft for any purchaser, because defendants lacked the necessary licensing agreements with the designer;
    b. Defendants communicated to Plaintiff that delivery was delayed to parts shortages, delayed deliveries of parts and components, and production scheduling problems, when in fact, no aircraft could be assembled or delivered by defendants at any time.
    c. Defendants communicated to Plaintiff that FAA certification was delayed, when in fact, certification could not be secured until the aircraft was actually assembled and ready for flight.

18. The same deceptive practices constitute deceptive practices under the Tennessee, Consumer Protection Act, as well as the Michigan Consumer Act, together with actual damages and amount of $99,410.

19. Plaintiff, Brian Taylor, is entitled to punitive or exemplary damages and attorney fees, as determined by the court, for these violations of the Michigan Consumer Protection Act.

Wherefore, Plaintiff, Brain Taylor, prays for a judgment against defendants, and each of them for an amount of punitive or exemplary damages, and attorney fees, as may be determined by the court, actual damages in the amount of $99,410., and for such additional relief as may be proper in the premises.

## COUNT III

## COMPLAINT ON PROMISSORY NOTES
## AND FRAUD IN THE INDUCEMENT

Plaintiffs, for a further cause of action against defendants, and each of them stay as follows:

20. Plaintiffs reallege the statements set forth in paragraphs 1 through 19 set forth above, as if fully realleged herein.

21. Plaintiff, Brian, Taylor, loaned money to defendants and each of them, ad follows:

    a. October 3, 2017, $100,000;
    b. November 14, 2017, $50,000;
    c. March 12, 2018, $59,000.

22. Each loan was documented by a written promissory note, copies of which are attached and incorporated by reference as exhibit C.

23. Each note was due and payable in full on or before October 2, 2018, together with interest as stated in it, and each promissory note at the rate of 30% per annum.

24. Defendants and each of them have failed and refused to pay the sums due as of the date of filing of this complaint, and there is now due and owing the sum of $200,000, together, with accumulated interest at the rate indicated in each promissory note.

25. Defendants had no intention of paying the notes in full at any time, and induced Plaintiff to make these loans by various statements that the business was on solid ground, that the aircraft was ready for production, that the market for this special type of aircraft was nationwide, when in fact judgment creditors were already seizing assets of the business and personal assets of defendant Giles, failed to disclose ongoing litigation against the defendant and defendant Giles, and failed to disclose that at least three other purchasers of aircraft has sued because the purchased aircraft was not delivered.

26. Defendant Giles deception and misleading statements to induce plaintiff to make the loans indicated above, and defendant Giles is personally liable for the sums due and owing.

27. The corporate debtor identified in the promissory notes is nearly the alter ego of defendant Giles, and piercing the corporate veil, is proper and necessary for a fair and just result.

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them in the amount of $200,000, together with interest at the rate of 30% per annum from the date of execution of each promissory note through the date of the filing of this complaint, and for all other just and proper relief in the premises.

## COUNT IV
## SPECIFIC PERFORMANCE

For a further cause of action against the defendants, and each of them, Plaintiff states as follows:

28. Plaintiffs reallege, the statements made in paragraphs 1 through 27 as a fully set forth herein.

29. Defendant Giles agreed to transfer and convey to Plaintiffs all of the assets of the defendant's aircraft business, in exchange for the removal of those assets from defendant's facility in Paris, Tennessee, and exchange for cancellation of the debt represented by the promissory note identified and Count III, and the cancellation of the claim for failing to refund the purchase price of the aircraft Plaintiff ,Brian Taylor paid for as described in Count 1 above set forth.

30. The agreement for this exchange included a transfer of ownership of all physical, tangible assets, including but not limited to tools, machinery, equipment, hardware, jigs, assembled subparts, raw materials, electronics for testing, aircraft electronics, wing components, fuselage components, sheet aluminum, software, specifications, plans, part list, and a rampage aircraft.

31. This agreement was memorialized with emails between the parties, copies of which are attached hereto and made part of by incorporation hereby reference as exhibit D.

32. Defendant Giles now attempts to repudiate the agreement after no payments have been made by him on any of the promissory notes, nor as a refund of Plaintiff's purchase price payment, and Plaintiff has incurred substantial cost in removing the described assets from Paris, Tennessee, to Cass County, Michigan.

33. Plaintiffs are entitled to specific performance of the agreement as set forth in this Count IV.

Wherefore, Plaintiffs pray for a judgment against defendants and each of them enforcing the performance of the contract described in this Count IV, for the cost of this action. And for all other relief just and proper in the premises.

Dated: Feb 21, 2023

Nicholas R. Hogue, Attorney for Plaintiffs